UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER BASILE,

                       Plaintiff,                     **REPORT AND**
                                                                 **RECOMMENDATION**
     -against-

                                                                  08 Civ. 7549 (CS) (GAY)

SHERRY WIGGS, et al.,

                      Defendants.
------------------------------------------------------------X

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

      Plaintiff Christopher Basile brings this action under 42 U.S.C. § 1983 for violations of his civil rights.  Plaintiff also asserts New York state claims of false arrest, assault, battery, excessive force, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, and prima facie tort.  Presently before this Court is plaintiff's motion for an entry of default judgment against defendants the Police Department for the Village/Town of Dobbs Ferry, New York and the Village/Town of Dobbs Ferry, New York pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("FRCP").[1]  For the reasons that follow, I respectfully recommend that plaintiff's motion be DENIED.

---

[1] Said defendants also move to set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  The undersigned addresses said motion in a separate order.

## I. BACKGROUND

The following facts are gathered from the docket, pleadings, affidavits, affirmations, and exhibits submitted by the parties in support of their contentions. Any disputes of material fact are noted.

On or about November 17, 2006, plaintiff, then represented by attorney Jeffrey Bernfeld, filed a Notice of Claim against the Police Department for the Village/Town of Dobbs Ferry, New York and the Village/Town of Dobbs Ferry, New York (collectively "Dobbs Ferry")[2] in connection with his present federal lawsuit. On or about November 30, 2006, the Village of Dobbs Ferry served plaintiff with a Notice of 50-h Examination in response to his Notice of Claim. The examination was scheduled for January 5, 2007. However, plaintiff contends that Dobbs Ferry "could not conduct" the examination and "did not ask for or offer any proposed future dates." Aff. in Support of Pl.'s Opp. to Defs.' Mot. to Dismiss ¶ 2.[3] In contrast, Dobbs Ferry contends that plaintiff requested an adjournment of the examination. Decl. in Support of Defs.' Mot. to Dismiss ¶ 11. Dobbs Ferry wrote to plaintiff's attorney on April 12, 2007; June 21, 2007; August 3, 2007; and September 26, 2007, seeking to reschedule the examination subsequent to plaintiff's adjournment. Id. Ex. G [hereinafter "Defs. Mot. to Dismiss Ex."]. The examination was finally rescheduled and took place on November 12, 2007.

---

[2] The Court notes that the Police Department for the Village/Town of Dobbs Ferry is an "administrative arm" of the municipality and, as such, may not be sued as a separate entity. Warner v. Vill. of Goshen Police Dep't, 256 F. Supp. 2d 171, 175-76 (S.D.N.Y. 2003) (citation omitted).

[3] Both parties incorporate by reference in their default judgment papers the materials they submitted in connection with Dobbs Ferry's motion to dismiss.

On August 20, 2007, plaintiff, through his attorney, filed an action in the Eastern District of New York.  Plaintiff alleges that the Borough of Point Pleasant Beach, New Jersey and the Police Department of the Borough of Point Pleasant Beach, New Jersey (collectively "Point Pleasant Beach"), Dobbs Ferry, and, his now ex-wife, defendant Wiggs violated his constitutional rights and committed torts against him, in connection with his arrest by Point Pleasant Beach police officers on August 20, 2006.  By letter dated December 12, 2007, plaintiff's attorney wrote to Magistrate Judge Ramon E. Reyes, Jr., advising the court that none of the defendants had filed an answer because "the Complaint ha[d] not yet been served."  E.D.N.Y. Docket # 3.

On December 14, 2008, plaintiff filed his Amended Complaint.  E.D.N.Y. Docket # 4.  Plaintiff submitted affidavits of service demonstrating that he served defendants Dobbs Ferry and Point Pleasant Beach on December 17, 2007.  E.D.N.Y. Docket ## 7-10.  Defendant Wiggs, through her attorney, filed an answer on January 9, 2008.  E.D.N.Y. Docket # 5.  Defendant Point Pleasant Beach filed an answer on May 15, 2008.  E.D.N.Y. Docket # 15.

On February 26, 2008, Judge Reyes held an initial conference on the matter.  E.D.N.Y. Minute Entry (Feb. 26, 2008).  Dobbs Ferry did not appear.  Id.  Plaintiff's counsel withdrew from representing him with the court's permission on March 5, 2008.  E.D.N.Y. Order Entry (Mar. 5, 2008).  At the same time, the court permitted plaintiff to appear pro se.  Id.  On March 26, 2008, attorney for defendant Wiggs notified Judge Reyes that plaintiff had not retained new counsel and, since the conference on February 26, 2008, he had not proceeded to litigate the case.  E.D.N.Y. Docket # 12.

On May 6, 2008, Judge Reyes held a status conference for which attorneys for defendants Sherry Wiggs and Point Pleasant Beach were present.  E.D.N.Y. Docket # 14.  Plaintiff was not present for said conference, nor were defendants Dobbs Ferry.  Id.  At said conference, Judge Reyes directed the defendants to answer plaintiff's Amended Complaint by May 23, 2008.  Id.  Electronic notice of the minute entry was sent to defendants Wiggs and Point Pleasant Beach.  E.D.N.Y. Docket # 19.  The court attempted to mail said notice to plaintiff.  Id.

On May 23, 2008, Point Pleasant Beach (1) notified the court that Dobbs Ferry's attorney made contact and (2) forwarded his name and phone number to the court.  E.D.N.Y. Docket # 16.  At the same time, Point Pleasant Beach notified the court that the defendants had not heard from plaintiff and had been unable to contact him.  Id.  Subsequently, Judge Reyes ordered all parties to attend a conference on July 14, 2008.  E.D.N.Y. Docket # 17.  Judge Reyes also ordered plaintiff to appear in person.  Id.  Judges Reyes warned that he would deem plaintiff to have abandoned the case if he did not appear.  Id.

Plaintiff did not appear at the July 14, 2008 conference.  E.D.N.Y. Docket # 21.  Dobbs Ferry also did not appear.  Id.  On July 17, 2008, Judge Reyes ordered that defendants request a pre-motion conference before District Judge Nina Gershon to seek dismissal of plaintiff's claims.  E.D.N.Y. Docket # 22.  In issuing said order, Judge Reyes noted that plaintiff failed to attend two conferences, provide a current address and phone number to the pro se department, and keep in contact with the court.  Id.

Plaintiff wrote to Judge Reyes on July 18, 2008, stating that he intended to litigate his case.  E.D.N.Y. Docket # 24.  He explained his absences by stating that he

had "never been served with any document and [had] never received notice of any proceeding." Id.  Thus, Judge Reyes scheduled yet another conference for July 28, 2009.  E.D.N.Y. Docket # 23.  Judge Reyes directed that plaintiff "confirm with defendants' counsel that all necessary participants are aware of this conference." Id. (emphasis removed).

Shortly thereafter, Dobbs Ferry's attorney entered his appearance to all parties and the court.  E.D.N.Y. Docket # 25.  On the same day, July 25, 2008, Dobbs Ferry's attorney wrote to Judge Reyes, explaining that he attempted to file a Notice of Appearance on May 23, 2008, but had just learned that said filing may not have been received.  E.D.N.Y. Docket # 26.  The attorney also stated that he had not been receiving electronic notifications from the court.  Id.  Also in the letter, Dobbs Ferry requested (1) that the July 29, 2008 conference serve as a pre-motion conference and (2) permission to change venue to the District Court for the Southern District of New York ("S.D.N.Y.").  Id.  Following the conference, at which all parties were present, Judge Reyes ordered the matter removed to the S.D.N.Y.  Basile v. Wiggs, No. 07 Civ. 3468, Order (E.D.N.Y. Jul. 30, 2008).

By letter dated January 2, 2009, Dobbs Ferry's attorney wrote to District Judge Cathy Seibel, requesting a pre-motion conference and permission to file a motion to dismiss.  S.D.N.Y. Docket # 6.  Judge Seibel endorsed the letter and scheduled a pre-motion conference for January 30, 2009.  Id.  At said conference, Judge Seibel granted permission to (1) Dobbs Ferry to file a motion to dismiss and (2) plaintiff to file a motion for default judgment against Dobbs Ferry.  S.D.N.Y. Minute Entry (Jan. 30, 2009).  All parties attended said conference, as well as a conference held on the same day before

the undersigned. Both plaintiff and Dobbs Ferry timely filed their respective motions. See S.D.N.Y. Docket # 9, 15.

In opposition to plaintiff's motion for default judgment, Dobbs Ferry filed a motion to set aside the Clerk's entry of default on March 16, 2009. S.D.N.Y. Docket # 20. Its Memorandum of Law in Support of Motion to Set Aside Entry of Default (Defs.' Memo to Set Aside") also served as opposition to plaintiff's motion. Defs.' Memo to Set Aside at 1. Plaintiff filed a reply brief on March 20, 2009. S.D.N.Y. Docket # 24. Dobbs Ferry then filed a reply in support of its own motion. S.D.N.Y. Docket # 27-28. On March 27, 2009, plaintiff, Dobbs Ferry, and the attorney for Wiggs appeared before the undersigned for a hearing on, among other issues, plaintiff's Order to Show Cause in connection with plaintiff's motion for default judgment against Dobbs Ferry. S.D.N.Y. Minute Entry (Mar. 27, 2009).

## II. STANDARD FOR ENTERING A DEFAULT JUDGMENT

Rule 55 of the FRCP governs the procedural steps for obtaining default judgments. Rule 55(b)(2), relevant to plaintiff's present motion, reads in part: "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing." Fed. R. Civ. P. 55(b)(2). In determining whether to grant an entry of default, said dispositions "are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (citation omitted). Factors a court

may consider are:

> [W]hether the defaulting party's failure to plead or otherwise defend was merely technical or resulted from bad faith, the possibility of prejudice to the plaintiff, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect . . . .

Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999) (citations omitted). The court may also consider "whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the" defaulting party. Briarpatch Ltd. v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007).

"The court is also guided by the same factors that apply to a motion to set aside entry of a default." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007). A "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[4] Fed. R. Civ. P. 55(c). When resolving dispositions of default judgments pursuant to "good cause," courts are instructed to apply its factors rigorously. Enron Oil Corp., 10 F.3d at 96 (citations omitted). Said factors are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. (citations omitted).

Default judgments are generally disfavored, with a preference to resolve disputes on their merits. O'Callaghan, 242 F.R.D. at 73. As such, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96.

---

[4] The Second Circuit provides that courts may apply the "good cause" standard *or* Rule 60(b) for setting assault default judgments. See Enron Oil Corp., 10 F.3d at 96 (citations omitted). Because the Court resolves this matter pursuant to the "good cause" standard, it declines to discuss further Rule 60(b).

## III. DISCUSSION

Plaintiff asserts that he is entitled to default judgment against Dobbs Ferry because it failed to timely answer or otherwise move with respect to his Amended Complaint. Plaintiff further asserts that Dobbs Ferry neither asked for nor received an extension of time to so respond. Dobbs Ferry contends that plaintiff's motion should be denied for good cause because (1) it did not willfully fail to appear or defend; (2) it has a meritorious defense; and (3) plaintiff would not be prejudiced by the denial of default judgment. As set forth below, after considering the above-listed factors in connection with the facts of this case, the Court concludes that a default judgment is unwarranted.

### (A) Good Cause

#### (1) Willfulness

Dobbs Ferry contends that a clerical error caused its counsel to not know of the present action until approximately May 20, 2008. Defs.' Memo to Set Aside at 2. Very shortly after learning of the lawsuit, counsel for Dobbs Ferry allegedly attempted to file a Notice of Appearance on May 23, 2008. Decl. in Support of Defs.' Mot. to Set Aside Default Judgment Ex. F [hereinafter "Defs.' Default Ex."]. Counsel for Dobbs Ferry avers that it realized in late July that the Court did not receive said notice, but then promptly and properly filed it on July 25, 2008. Id. Plaintiff contends that Dobbs Ferry purposefully failed to appear in the case as part of a "wait and see" litigation strategy. Pl.'s Memo. in Reply to Defs. . . . Brief in Opp. to Pl.'s Mot. for Default Judgment at 3 [hereinafter "Pl.'s Memo in Reply"]. Plaintiff also contends that Dobbs Ferry's admission—that it would move to dismiss and did not intend to answer—amounts to willful default. Id. at 2.

In the context of a default judgment, willfulness "requires more than a showing of carelessness or negligence; the defaulting party must have engaged in deliberate or egregious conduct." Bank of New York v. Meridien Biao Bank Tanzania Ltd., No. 95 Civ. 4856, 1998 WL 417510, at *2 (S.D.N.Y. July 24, 1998) (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996)). Mistaken beliefs, for example, do not amount to a willful default. See, e.g., Haywood v. Hudson, No. 90 Civ. 3287, 1991 WL 148498, at *1 (E.D.N.Y. July 22, 1991) (The court concluded that a defendant, who mistakenly believe he complied with his employer's procedure to secure corporate counsel and thus failed to timely answer the complaint, did not willfully default.). Clerical errors also fall short of willful acts. See Res. Trade Fin., Inc. v. PMI Alloys, LLC, No. 99 Civ. 5156, 2002 WL 1836818, at *5 (S.D.N.Y. Aug. 12, 2002) (employees who did not realize they were served, and thus simply filed internally the Complaint rather than responded to the court, did not act willfully).

In the present matter, Dobbs Ferry's failure to timely respond is akin to clerical error and mistaken belief. Counsel did not learn of the complaint until just three days before Dobbs Ferry's answer was due. Defs.' Memo to Set Aside at 2. Counsel immediately took action and thought it timely filed a Notice of Appearance. Defs.' Default Ex. F. When counsel learned its mistake regarding the electronic filing, it again immediately took action. Id. Finally, Dobbs Ferry has acted timely and appeared at each court conference or hearing since it corrected its communication errors. See supra § I. Such behavior is not indicative of a party willfully avoiding litigation. Although plaintiff disputes Dobbs Ferry's assertions, the Court concludes that Dobbs Ferry did not act willfully. Moreover, any doubts should be resolved in favor of the defaulting party.

9

Enron Oil Corp., 10 F.3d at 96.

Finally, plaintiff incorrectly asserts that Dobbs Ferry's position to move to dismiss in lieu of an answer itself amounts to a willful default. Filing a motion to dismiss plaintiff's Amended Complaint falls within the meaning of "otherwise defend" in Rule 55 of the FRCP. Martinez v. Sulner, No. 04 Civ. 2728, 2006 WL 737137, at *2 (S.D.N.Y. Mar. 23, 2006) (citations omitted). As such, Dobbs Ferry's form of pleading, alone, does not support a finding of willfulness.

      *(2) Prejudice*

Dobbs Ferry asserts that plaintiff will not be prejudiced if this Court denies default judgment against it. Specifically, Dobbs Ferry contends that plaintiff failed to appear at least twice during the same period that Dobbs Ferry did not appear; waited over one year from the time he served Dobbs Ferry to move for a default judgment; and only seeks the default in response to Dobbs Ferry's motion to dismiss. Defs.' Memo to Set Aside at 9-10. Plaintiff does not contest Dobbs Ferry's assertions, nor does he otherwise contend that he would be prejudiced should Dobbs Ferry be allowed to continue its litigation in this case. See Pl.'s Aff. in Support of Entry of Default Judgment [hereinafter "Pl.'s Aff. in Support"]; Pl.'s Memo in Reply.

"[D]elay standing alone does not establish prejudice." Enron Oil Corp., 10 Fd.3d at 98. Rather, in order for plaintiff to establish prejudice, he must demonstrate that his ability to pursue his claim has been hindered; the delay resulted in the loss of evidence, increased the potential for fraud or collusion; or he relied on the default judgment. PMI Alloys, LLC, 2002 WL 1836818, at *6; Flanagan v. Modern Concrete Corp., No. 07 Civ. 499, 2008 WL 2559377, at *3 (E.D.N.Y. June 23, 2008). Furthermore, plaintiff's own

10

delay suggests that he would not be unduly prejudiced.  Enron Oil Corp., 10 Fd.3d at 98.

Here, plaintiff has not asserted that evidence has been lost due to Dobbs Ferry's delay; or that fraud or collusion are likely to result from the Court denying default judgment against said defendants.  Furthermore, this Court has not yet entered a default judgment against Dobbs Ferry, so plaintiff cannot have relied on any judgment.  Finally, plaintiff is not without his own delay.  Plaintiff failed to actively pursue this matter from approximately March 2008 until July 18, 2008.  E.D.N.Y. Docket # 12, 16, 22, 24.  He also did not move for a default judgment against Dobbs Ferry until eight months after Dobbs Ferry should have answered.  See E.D.N.Y. Docket # 14 (requiring all defendants to answer by May 23, 2008); S.D.N.Y. Minute Entry (Jan. 30, 2009) (District Judge Seibel granted plaintiff's request to seek a default judgment against Dobbs Ferry). As such, plaintiff cannot establish prejudice.  See New York Islanders Hockey Club, L.P. v. Havoc Distribution, Inc., No. 07 Civ. 2720, 2008 WL 2439509, at *4 (court set aside an entry of default against defendant where plaintiff provided no proof of prejudice); DeJesus v. Commc'ns Workers of Am., 137 F.R.D. 213, 214 (S.D.N.Y. 1991) (plaintiff who proceeded for months without complaining of defendant's default was not prejudiced).

### (3) Meritorious Defense

Dobbs Ferry asserts that it has a meritorious defense for plaintiff's claims.  Specifically, Dobbs Ferry asserts that plaintiff submits only conclusory allegations of a 42 U.S.C. § 1983 conspiracy; it had no personal involvement in the arrest on which his tort claims are based; it did not deny plaintiff due process; it acted in accordance with

11

the law; plaintiff cannot establish the elements of plaintiff's intentional and negligent infliction of emotional distress and prima facie tort claims; and plaintiff's state claims are time-barred. See Defs.' Memo. of Law in Support of Mot. to Dismiss [hereinafter "Defs.' Memo to Dismiss"]. See also Defs.' Reply Memo. of Law in Further Support of Mot. to Set Aside Entry of Default at 4-5, 11 [hereinafter Defs.' Reply to Set Aside]. Plaintiff contends that Dobbs Ferry waived its affirmative defenses when it failed to timely answer; Dobbs Ferry makes conclusory assertions that plaintiff must prove the elements of his claims; and a Point Pleasant Beach police report supports his claim of a conspiracy. Pl.'s Memo in Reply at 4.

A party seeking to vacate an entry of default [or opposing a default judgment] must present more than conclusory statements to support its defense. See New York Islanders Hockey Club, L.P. v. Havoc Distribution, Inc., No. 07 Civ. 2720, 2008 WL 2439509, at *4 (E.D.N.Y. June 16, 2008). The defaulting party must present a factual basis for its meritorious defense. SEC v. Vogel, 49 F.R.D. 297, 299 (S.D.N.Y. 1969). "The test of such defense is not measured by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." New York Islanders Hockey Club, L.P., 2008 WL 2439509, at *4.

At this stage, Dobbs Ferry only need submit "some evidence" in order to meet the "'low threshold of adequacy'" required under Rule 55" of the FRCP. PMI Alloys, LLC, 2002 WL 1836818, at *7. Here, to support its claims, Dobbs Ferry submits legal arguments in its memorandum of law supporting its motion to dismiss. See Defs.' Memo to Dismiss. Dobbs Ferry also submits several exhibits to support its motion to dismiss, including its own police report, an affidavit by Sergeant Gregory Vince, and the

arrest report from Point Pleasant Beach police department, all of which could support its contention that it had a lawful, arm's length role in plaintiff's arrest.  Defs. Mot. to Dismiss Exs. B-D.  In other words, Dobbs Ferry presents more than "superficial and unusually equivocal" statements to support its defense.  Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984) (a defaulting party's "extremely superficial and unusually equivocal" statements did not establish a meritorious defense).  Furthermore, if Dobbs Ferry can prove these points, then it could have a defense to plaintiff's lawsuit.  See Flanagan, 2008 WL 2559377, at *5.  Thus, Dobbs Ferry adequately states a meritorious defense under the "good cause" standard.

The Court concludes that Dobbs Ferry did not act willfully, plaintiff would not be prejudiced, and Dobbs Ferry has a meritorious defense.  As such, Dobbs Ferry meets the "good cause" standard.

(B) Other Factors for the Court's Consideration

As stated above, in addition to the factors considered in connection with "good cause," other factors that a court may consider in determining whether to enter a default judgment against a party are (1) the sufficiency of plaintiff's complaint; (2) the sum at stake; and (3) the merits of plaintiff's substantive claims.[5]  With regard to these factors, Dobbs Ferry contends that plaintiff's complaint "fails to state a claim upon which relief can be granted" and plaintiff's substantive claims are devoid of supporting facts or

---

[5] The court notes that the list also includes: whether the default was technical or resulted from bad faith, a good-faith mistake or by excusable or inexcusable neglect; the possibility of prejudice to the plaintiff; and whether the default was due to excusable neglect.  The substance of these factors was analyzed pursuant to the "good cause" standard.

allegations.  Defs.' Mot. to Dismiss at 1.[6]  Dobbs Ferry also contends that the amount of damages plaintiff seeks—$3,000,000.00—is a substantial amount of money.  Defs.' Memo to Set Aside at 11-12.  In such instances, Dobbs Ferry asserts that courts disfavor granting default judgments.  Id.

As discussed, dispositions of default judgments are in the discretion of the Court; defaults are generally disfavored; and where doubt exists, such doubt should be resolved in favor of the defaulting party.  See supra § II.  The equitable considerations of issue here weigh in favor of declining to grant the default judgment.  Three million dollars ($3,000,000.00) is a substantial sum of money at stake.  Furthermore, resolving doubt in favor of Dobbs Ferry, if plaintiff's claims are without merit, it would be "'a harsh or unfair result'" to deny Dobbs Ferry "the opportunity to defend the action on the merits."  Flanagan, 2008 WL 2559377, at *5 (citation omitted).

Therefore, these remaining factors weigh in favor of declining default judgment.

## IV. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that plaintiff's motion for entry of default judgment against Dobbs Ferry should be DENIED in full.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file

---

[6] Plaintiff contends that his complaint is sufficient and his substantive claims are with merit.  The Court will address both parties' arguments fully in a forthcoming Report and Recommendation.

written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: May 1, 2009          Respectfully Submitted:
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

15